IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WAYNE WOODS,<br>　　　　Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>　　　　Defendants. | C.A. No. 11-232 Erie<br><br>Magistrate Judge Baxter |

# OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter.

## I.　INTRODUCTION

### A.　Relevant Procedural History

On October 4, 2011, Plaintiff John Wayne Woods, a former inmate at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following Defendants: Pennsylvania Department of Corrections ("DOC"); Cheryl Gill, Records Supervisor at SCI-Albion ("Gill"); Raymond Sobina, former Superintendent at SCI-Albion ("Sobina"); and William J. Woods, Corrections Classification Manager at SCI-Albion ("Woods"). Plaintiff subsequently filed an amended complaint on January 31, 2012 [ECF No. 12], in which he withdrew his claims against the DOC, and restated his claims against the remaining individual Defendants.

In his complaint, Plaintiff claims that Defendants wrongfully recalculated his state sentence by removing credit for time he served in pretrial detention, which allegedly caused him to be incarcerated 552 days beyond the maximum sentence date imposed by the state court. As a result, Plaintiff claims that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment, and deprived him of liberty in violation of his Fourteenth Amendment substantive and procedural due process rights. In addition, Plaintiff asserts pendent state law claims of false imprisonment and intentional infliction of emotional distress. As relief

for his claims, Plaintiff seeks compensatory and punitive damages.

On April 4, 2012, Defendants filed a motion for judgment on the pleadings arguing, *inter alia*, that Plaintiff's claims are barred by the doctrine of Heck v. Humphrey, 522 U.S. 477 (1994). [ECF No. 16]. Plaintiff filed a brief in response to Defendants' motion [ECF No. 18], Defendants filed a reply brief [ECF No. 19], and Plaintiff filed a supplemental brief in response to Defendants' motion [ECF No. 20]. The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 8, 9]. This matter is now ripe for consideration.

### B.      Relevant Factual History

In the fall of 1982, Plaintiff walked away from a halfway house in Pittsburgh, Pennsylvania, where he was serving parole on an unrelated criminal matter. On October 5, 1982, Plaintiff was arrested for robbery and escape, and was returned to incarceration on October 6, 1982. Plaintiff was subsequently found guilty of robbery and escape in the Allegheny County Court of Common Pleas and, on February 21, 1984, the Honorable Robert E. Dauer sentenced Plaintiff to serve 10 to 20 years for robbery and 3½ to 7 years for escape, to run consecutively. The sentencing order allegedly provided that the consecutive sentences were to begin as of October 6, 1982, the date Plaintiff was returned to incarceration. As a result, Plaintiff's maximum sentence date was documented by the DOC as October 6, 2009.

Some time prior to January 29, 2010, Defendant Gill recalculated Plaintiff's maximum sentence date by removing the credit Plaintiff had received for the time he was incarcerated while awaiting trial from October 6, 1982 through February 21, 1984. As a result, Plaintiff was delivered a Sentence Summary indicating that his maximum sentence date had been changed to April 11, 2011. Plaintiff filed an inmate grievance challenging the recalculation of his sentence on May 13, 2010. On May 28, 2010, Defendant Woods denied Plaintiff's grievance stating that, because Plaintiff was already serving a state sentence when he was sentenced on his most recent

charges, he was not entitled to a credit against the new sentence. Defendant Sobina subsequently denied Plaintiff's grievance appeal and affirmed the conclusions of Defendants Gill and Woods.

Plaintiff then filed a habeas corpus petition with the Pennsylvania Commonwealth Court, arguing that his maximum sentence date was wrongfully recalculated, and seeking his immediate release from incarceration because his maximum sentence had expired on October 6, 2009. However, while the habeas corpus proceeding was pending, Plaintiff was released from incarceration on April 11, 2011. As a result, the Commonwealth Court dismissed the habeas petition as moot.

### C. Standard of Review

A motion for judgment on the pleadings, or a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact

3

pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### D. Discussion
#### 1. § 1983 Claims

Plaintiff argues that Defendants' recalculation of his maximum sentence date was legally improper and wrongfully caused him to be imprisoned 552 days longer than the sentencing court had ordered. As a result, Plaintiff seeks to recover monetary damages for the period of time he claims he was wrongfully incarcerated.

Defendants assert that Plaintiff's claims are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). This Court agrees.

In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original). Thus, a court faced with a suit for damages under § 1983 must first "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence." Id. If so, the complaint must be dismissed "unless the plaintiff can demonstrate that the ... sentence has already been invalidated." Id. In short, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)(emphasis in original).

Here, no matter how Plaintiff attempts to characterize his challenge, he cannot escape the fact that he is ultimately calling into question the duration of his confinement. Since it is clear from Plaintiff's allegations that neither the duration of his confinement nor his sentence has been otherwise invalidated, Plaintiff's constitutional claims are barred by Heck and must be dismissed. See Royal v. Durison, 254 Fed. Appx. 163, 165 (3d Cir. 2007)(dismissing a state inmate's challenge to the DOC's sentence calculation that resulted in his being incarcerated more than six months beyond the allowable statutory maximum sentence, because finding in the plaintiff's

favor "would necessarily be holding that the 'confinement or its duration' was invalid in violation of the favorable termination requirement announced in Heck"); Early v. Ludwig, 2009 WL 763592, at *5 (W.D.Pa. Mar. 23, 2009)(holding that state inmate's § 1983 claim challenging calculation of his maximum sentence expiration date was barred by Heck); Jones v. Yale, 2008 WL 2522427, at *2 (E.D.Pa. June 25, 2008)(holding that state inmate's §1983 claim that his sentence was miscalculated such that he served an additional 152 days in prison was barred by Heck, because plaintiff had not alleged that the sentence had been reversed or called into question by prior court action, regardless of the fact that plaintiff was no longer incarcerated).

### 2. State Law Claims

In addition to his constitutional claims under § 1983, Plaintiff raises claims of false imprisonment and intentional infliction of emotional distress. These claims are pendent state law claims under Pennsylvania law, over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this Court has already determined that Plaintiff's federal claims under 42 U.S.C. § 1983 must fail as a matter of law, this Court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state law claims. As a result, Plaintiff's false imprisonment and intentional infliction of emotional distress claims will be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WAYNE WOODS, | ) | |
|     Plaintiff | ) | C.A. No. 11-232 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
|     Defendants | ) | |

## **ORDER**

AND NOW, this 11th day of July, 2012,

IT IS HEREBY ORDERED that Defendants' motion for judgment on the pleadings [ECF No. 16] is GRANTED, and Plaintiff's complaint is dismissed. The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge